## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DEMONE CARLINE                                      CIVIL ACTION NO._____

VERSUS                                              JUDGE:

PEPSICO, INC. AND ACE AMERICAN
INSURANCE COMPANY                                   MAGISTRATE

## C O M P L A I N T

Now Into Court, through undersigned counsel, comes the plaintiff, Demone Carline, a

resident of legal age of the parish of East Baton Rouge, state of Louisiana, who, with

respect, states that:

1.

Made defendants herein are PepsiCo, Inc., a foreign corporation with its principal

business office in the state of New York, but doing business in the state of Louisiana who

may be served through its registered agent for service of process: CT Corporation

Systems, 3867 Plaza Tower Dr., Baton Rouge, LA 70816; Ace American Insurance

Company, a foreign corporation with its principal office in Philadelphia, PA, who may be

served through its registered agent for service: Edmond J. Harris, 210 Baronne St., Ste.

1410, New Orleans, LA 70112.

2.

Jurisdiction is vested in this Honorable Court pursuant to the provisions of 28 U.S.C.

1332 in that diversity of citizenship exists between the parties hereto, the matter in

controversy exceeds the value of $75,000.00, exclusive of interest and costs.  Concurrent

jurisdiction exists over the state law claims asserted herein against the defendant arising

from the same operative facts under 28 U.S.C. 1367.  Furthermore, the instant

controversy is actionable pursuant to a federal statute, i.e. 29 U.S.C. 1132, et seq.

3.

Venue is proper in this Honorable Court in that the plaintiff is a resident of this

judicial district and the damages occasioned by the plaintiff occurred in this judicial

district.

4.

On or about  April 20, 2021, petitioner herein was hired by defendant, PepsiCo, Inc.

(hereinafter referred to as "PepsiCo") to work in its local warehouse in Livingston,

Louisiana as a picker or loader at a beginning rate of pay of $19.70 per hour.  At no time

relevant hereto was petitioner informed that his employment with said defendant was

anything other than full-time and permanent and no documents presented to petitioner

specified that he was being hired in any capacity other than full-time and permanent.

5.

At all times relevant hereto, petitioner was covered by worker's compensation,

disability and medical insurance coverage by PepsiCo's insurer and defendant herein,

Ace American Insurance Company (hereinafter referred to as "Ace"), which various

coverages were established or maintained by defendant, PepsiCo, for the benefit of its

employees, including plaintiff, as well as administering said plans internally or through

third-party administrators, that reported to it.  Further, at all times relevant hereto the

defendants' disability insurance plans were subject to the provisions of 29 U.S.C. 18 and

1132, et. seq. (E.R.I.S.A.), having been established or maintained by PepsiCo, and its

subsidiaries in the United States, as petitioner herein was a participant and was eligible to

receive one or more benefits, including short-term disability, under said plans.  The defendants' E.R.I.S.A. plan was administered by a third-party, Sedgwick Claims Management Services, Inc., who, in turn, reported to one or more of the defendants herein.  Additionally, petitioner's employment was covered by the Federal Family and Medical Leave Act, the benefits, including short-terms disability, of which petitioner was wrongfully denied by defendants herein.

6.

As a full-time employee of defendant, PepsiCo, petitioner, after ninety days from his date of hire, was entitled to seven days paid time off and one week of vacation, along with worker's compensation coverage, medical benefits, disability insurance coverage and holiday pay.  At all times relevant hereto, defendant, PepsiCo, was engaged in commerce or industry on a national basis or actively affected interstate commerce.

7.

On or about December 24, 2021, plaintiff sustained personal injury while within the course and scope of his employment with defendant, PepsiCo, in the form of a lumbar injury, which he dutifully and timely reported to supervisory representatives of said defendant.  Petitioner then sought medical treatment for his lumbar injury, and subsequently short-term disability benefits, which was subsequently denied due to the negligence or deliberate acts of the defendants, which negligence is specified as, but not limited to, the following, to wit:

(A) Erroneously listing petitioner as a part-time, seasonal employee of defendant, PepsiCo;

(B) Inducing petitioner to believe that his employment with PepsiCo was anything other than full-time;

(C) Listing petitioner on the company bulletin board as a full-time employee along with other full-time employees of defendant, PepsiCo;

(D) In failing to timely correct petitioner's employment status once the defendants' error regarding same was reasonably made known;

(E) In failing to pay to petitioner short-term disability benefits due to him;

(F) Other acts or omissions, as well as equitable relief, to be shown at trial.

Petitioner has exhausted all administrative remedies available to him prior to initiating the instant action and has been damaged to at least the extent of $75,000.00.

## 8.

As a direct consequence of the defendants' actions, petitioner has incurred and will continue to incur healthcare charges to treat the injuries he sustained in the course and scope of his employment for which the defendants herein are jointly liable in damages to petitioner. Defendants have actively breached their fiduciary duty to petitioner under the terms and conditions of his employment and his entitlement to participation in said plans.

## 9.

At the time of the aforesaid accident, defendant herein, Ace American Insurance Co. (hereinafter referred to as "Ace"), had in full force and effect  policies of worker's compensation, medical and disability insurance insuring defendant, PepsiCo, for the benefit of petitioner and other employees of defendant, PepsiCo. Accordingly, defendant, Ace, is jointly liable unto your petitioner for all sums "PepsiCo" is found liable for to petitioner. Additionally, petitioner herein seeks all reasonable attorney's fees

incurred in the bringing of this action pursuant to the provisions of 29 U.S.C. 1132(g) and other equitable relief.

10.

Petitioner herein is entitled to and prays for all issues herein to be tried by jury.

11.

Petitioner herein is entitled to recover from the defendants herein pursuant to the provisions of Louisiana Revised Civil Code articles relative to contracts, as petitioner was the contractual beneficiary of the various medical and disability plans of defendant, Ace, set forth above by virtue of his employment with defendant, PepsiCo.

WHEREFORE, PETITIONER HEREIN PRAYS that the defendants, PepsiCo, Inc., and Ace American Insurance Co., be served with respective certified copies of this complaint and duly cited to appear and answer same; and that after all due proceedings had herein there be judgment herein in favor of your petitioner, Demone Carline, and against said defendants, for all damages, equitable relief, unpaid plan benefits and costs incurred herein, together with legal interest on all sums, until paid;

PETITIONER HEREIN FURTHER PRAYS for all necessary orders and for all general and equitable relief allowed by law.

BY ATTORNEY:

Please Serve:                                          Howard P. Elliott, Jr.
PepsiCo, Inc.                                          1278 Tara Blvd.
through its registered agent for service:              Baton Rouge, LA 70806
CT Corporation Systems                                 (225) 924-5776
3867 Plaza Tower Tower Dr.                             (225) 925-0852 (fax)
Baton Rouge, LA 70816
                                                        s/Howard  P. Elliott, Jr.
Ace American Ins. Co.                                   Howard P. Elliott, Jr., #5324
Through its registered agent: Edmond J. Harris
210 Baronne St., Ste. 1410, New Orleans, LA 70112

<u>VERIFICATION</u>

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

Before Me, the undersigned authority, a Notary Public in and for the parish and state aforesaid, therein residing, personally came and appeared:

DEMONE CARLINE

a resident of legal age of the parish of East Baton Rouge, state of Louisiana, who, after being by me duly sworn, did depose and say:

That he is the petitioner in the above and foregoing complaint; That he has read all of the allegations contained therein and same are true and correct to the best of his knowledge, information and belief.

Sworn to and subscribed before me this _____ day of November, 2022 in Baton Rouge,

Louisiana.

s/Demone Carline_____
Demone  Carline

s/Howard P. Elliott, Jr.  _____
Howard P. Elliott, Jr., #5324